NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR FUENTES-RAMOS,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

Nos.  18-70434
19-70435

Agency No. A088-752-466

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2026**
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and RAKOFF, District
Judge.***

Petitioner Hector Fuentes-Ramos, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming the

Immigration Judge's finding of removability and denial of his applications for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

withholding of removal, protection under the Convention Against Torture, and cancellation of removal and adjustment of status. We review the BIA's legal conclusions de novo to determine the best reading of the applicable federal statute, taking into consideration the interpretation of the BIA as the agency responsible for implementing the statute. *Leon-Briviesca v. Blanche*, --- F4th ----, 2026 WL 1829532, at \*6. We deny the petition.

1. Fuentes-Ramos first challenges the denial of his application for cancellation of removal, arguing that his conviction under Oregon Revised Statutes § 163.160(1)(a), (3)(c) is not "a crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i), and that he is thus eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). But in *Diaz-Boyzo v. Blanche,* we held that Or. Rev. Stat. § 163.160(1)(a), (3)(c) describes "a crime of child abuse, child neglect, or child abandonment." --- F.4th ----, ---- (9th Cir. 2026), slip op. at 10. Fuentes-Ramos's conviction for assault in the fourth degree in violation of Or. Rev. Stat. § 163.160(1)(a), (3)(c) thus renders him ineligible for cancellation of removal. *See id*.

Contrary to Fuentes-Ramos' assertion, *State v. Yong*, 138 P.3d 37 (Or. App. 2006), does not establish that Or. Rev. Stat. § 163.160 is indivisible. There, the Oregon Court of Appeals conducted a merger analysis, which is "not the same" as our divisibility analysis. *Vasquez-Valle v. Sessions*, 899 F.3d 834, 843 (9th Cir.

2018). And it did not suggest that a jury could convict under Or. Rev. Stat. § 163.160(c) without unanimously agreeing that a specific aggravating factor is satisfied. *See Yong*, 138 P.3d at 51. And *State v. Glaspey,* 100 P.3d 730 (2004), is similarly unavailing. There, the court concluded that the only "victim" under Or. Rev. Stat. § 163.160(3)(c) for purposes of Or. Rev. Stat. § 161.067(2)—a separate Oregon statute allowing cumulative charges for each victim—was the one physically injured even if one or more children witnessed the assault. *Id.* at 734. It did not, as Fuentes-Ramos contends, establish that Or. Rev. Stat. § 163.160(3)(c) is unconcerned with harm to children or hold that a conviction does not require circumstances likely to cause physical or mental harm to children.

2. The lack of hearing date-and-time information in Fuentes-Ramos's Notice to Appear was not a jurisdictional defect. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc). The time-and-place requirement of 8 C.F.R. § 1003.18(b) is a claims-processing rule and not a jurisdictional requirement. *Id.* at 1192. And any defect was cured by the later notice Fuentes-Ramos was provided. *Id.* at 1193 n.9.

**DENIED.**